# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3229-18T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

S.J.,

     Defendant-Respondent.

_____

        Argued September 11, 2019 – Decided September 19, 2019

        Before Judges Mayer and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 15-09-2357.

        Nicole Lynn Campellone, Assistant Prosecutor, argued the cause for appellant (Damon G. Tyner, Atlantic County Prosecutor, attorney; Nicole Lynn Campellone, of counsel and on the briefs).

        Neal Eugene Wiesner argued the cause for respondent (Wiesner Law Firm, attorneys; Neal Eugene Wiesner, on the brief).

PER CURIAM

The State appeals from the April 1, 2019 order denying its motion to vacate an expungement order entered in June 2018. The State claims the expungement order was granted contrary to statutory law. We agree and reverse.

Defendant was charged with multiple counts of criminal sexual contact and harassment. He was acquitted of certain counts and additional counts were dismissed; still other counts resulted in a hung jury. A couple of months later, a number of other charges and thirty-six additional disorderly persons offenses pending against defendant were dismissed. A dismissal order was signed by the trial court on June 13, 2018 and on June 21, 2018, another order was signed sua sponte, granting defendant an expungement. The State indicates it was not notified of the expungement order until the end of November 2018. It moved to vacate that expungement order and its application was denied by order dated April 1, 2019, leading to the instant appeal.

On appeal, the State raises the following contentions:

POINT ONE:

> THE TRIAL COURT ERRED IN DENYING THE STATE'S MOTION TO VACATE THE EXPUNGEMENT ORDER BECAUSE THE EXPUNGEMENT ORDER WAS ORIGINALLY IMPROPERLY GRANTED UNDER N.J.S.A. 2C:52-6(a).

POINT TWO:

> SINCE THE PETITIONER FAILED TO APPLY FOR THE EXPUNGEMENT AT THE PROPER TIME, IF THE PETITIONER WISHES TO APPLY FOR AN EXPUNGEMENT, HE MUST FOLLOW THE PROCEDURE PURSUANT TO N.J.S.A. 2C:52-6(b).

Defendant concedes he did not apply for an expungement when his charges were dismissed. However, he insists there was no need to formally request the expungement. Defendant claims it would be "pointless" to require a defendant in the Law Division to petition for an expungement after dismissal or acquittal because of the mandatory language in N.J.S.A. 2C:52-6(a) compelling a Superior Court judge to order the expungement of all records and information relating to the arrest or charge "upon receipt of an application from the person." The defense posits that under N.J.S.A. 2C:52-6(a), only a municipal court defendant would need to apply for an expungement because a Superior Court judge would have no knowledge of dismissals, acquittals or discharges occurring in municipal court unless notified by a petitioner.

The State counters that because defendant did not seek an expungement when his charges were dismissed or he was acquitted on other charges, he must pursue expungement under N.J.S.A. 2C:52-6(b). N.J.S.A. 2C:52-6(b), unlike N.J.S.A. 2C:52-6(a), does not mandate that an order of expungement be granted

upon the petitioner's application.  Therefore, whether subparagraph (a) or (b) of the statute applies in the instant matter is significant.

N.J.S.A. 2C:52-6(a) plainly states:

> When a person has been arrested or held to answer for a crime (or) disorderly persons offense . . . and proceedings against the person were dismissed, the person was acquitted, or the person was discharged . . . the Superior Court <u>shall, at the time of dismissal, acquittal, or discharge</u>, or in any case set forth in paragraph (1)[1] of this subsection <u>upon receipt of an application from the person</u>, order the expungement . . . .

> [(Emphases added).]

However, N.J.S.A. 2C:52-6(b) provides an option for expungement when a defendant does not apply for an expungement of an arrest or charge at the time of dismissal, acquittal or discharge.  In fact, this section of the statute allows for a defendant to apply for an expungement "at any time following the disposition of the proceedings" by petitioning the court.  If a defendant seeks an expungement under subparagraph (b), the petition need not be granted.  Instead,

---

[1]   Under N.J.S.A. 2C:52-6(a), paragraph 1 of subsection (a) applies to proceedings which occurred in municipal court.

the State retains the right to argue the expungement should be denied because the need for the availability of the records outweighs the petitioner's interest for expungement.

Although defendant insists only a municipal defendant must submit an application for an expungement, his argument is not persuasive. Administrative Directive #02-16, issued by The Administrative Office of Courts (Directive), refers specifically to Municipal and Superior Court proceedings and distinguishes between the two courts when referencing expungements under N.J.S.A. 2C:52-6(a)(1) and 2C:52-6(a), respectively. Section II.A.2. of this Directive confirms that where a "person was discharged without a conviction or finding of guilt on or after April 18, 2016 in the Superior Court, that court must, upon application by the person, order the expungement of all records relating to the arrest or charge at the time of the dismissal, acquittal, or discharge. See N.J.S.A. 2C:52-6a." (emphasis added). Of course, judges have an affirmative obligation to adhere to administrative directives. State v. Morales, 390 N.J. Super. 470, 472 (App. Div. 2007). As defendant made no application for an expungement when his charges were dismissed or when he was acquitted of other charges, he was not entitled to relief under N.J.S.A. 2C:52-6(a). His

remaining path for expungement, should he choose to pursue it, is under N.J.S.A. 2C:52-6(b).

The balance of defendant's arguments do not warrant discussion in a written opinion. <u>Rule</u> 2:11-3(e)(1)(E).

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3229-18T1